# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-07428 MMM (JTLx) | Date | January 8, 2008 |
|---|---|---|---|

| Title | *NattyMac Capital v. Trinity Mortgage Corp.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction**

      On November 13, 2007, Plaintiff NattyMac Capital, LLC, filed a complaint in the United States District Court for the Central District of California. Plaintiff asserted the court had jurisdiction pursuant diversity of citizenship, 28 U.S.C. § 1332.

      District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be <u>complete</u> diversity, meaning all plaintiffs must have citizenship different than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 & n.3 (1996). For diversity purposes, a partnership is treated as a citizen of each state in which any partner or member resides. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). In terms of a Limited Liability Company (LLC), citizenship is determined in the same manner as that of a partnership; a LLC is a citizen of each state in which one of its members is a citizen. *See Cosgrove v. Bartlotta*, 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002).

      Plaintiff NattyMac Capital alleges it is a LLC organized under the laws of the State of Delaware,

with its principal place of business in St. Petersburg, Florida.[1]  The complaint does not allege the *citizenship* of any of the individual members of the plaintiff's LLC.  As a result, the court is unable to determine whether there is complete diversity of citizenship between all plaintiffs and all defendants.

     Consequently, the court orders plaintiffs to show cause, on or before **January 22, 2008,** as to why the court should not dismiss the case for lack of subject matter jurisdiction.

---

[1]Complaint, ¶ 1.